UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TODD BROWN and WILLIAM COX, Individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>PEANUT PLUMBING, LLC,<br><br>*Defendant*. | Civil Action No. 1:21-cv-01155<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiffs Todd Brown ("Brown") and William Cox ("Cox") bring this action individually and on behalf of all current and former Plumbers (hereinafter "Plaintiffs and the Putative Class Members") who worked for Peanut Plumbing, LLC ("Peanut Plumbing" or "Defendant"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq.*, and Texas common law.

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their respective state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to Texas state law and FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiffs and the Putative Class Members are those similarly situated persons who are current and former Plumbers who worked for Peanut Plumbing at any time during the relevant statutes of limitation through the final disposition of this matter and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Plaintiffs and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek.

4. During the relevant time periods, Peanut Plumbing has knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked in excess of forty (40) each week on a routine and regular basis.

5. Specifically, Peanut Plumbing's regular practice—including during weeks when Plaintiffs and the Putative Class Members worked in excess of 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiffs and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6. Peanut Plumbing also does not (and did not) compensate Plaintiffs and the Putative Class Members for all hours worked to perform pre-shift and post-shift duties.

7. The effect of Peanut Plumbing's practice was (and is) that all time worked by Plaintiffs and the Putative Class Members was not (and is not) counted and paid; thus, Peanut Plumbing has

failed to properly compensate Plaintiffs and the Putative Class Members for all of their hours worked and resultingly failed to properly calculate and pay Plaintiffs and the Putative Class Members' the proper amount of overtime under the FLSA.

8. Peanut Plumbing's illegal company-wide policy has caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

9. Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

10. Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time wages and other damages owed under Texas state laws as a class action pursuant to Federal Rule of Civil Procedure 23.

11. Plaintiffs pray that all similarly situated workers be notified of the pendency of this action to apprise them of their rights under the FLSA and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiffs also pray that the Rule 23 class be certified as defined herein, and that Plaintiffs be appointed as Class Representatives.

## II.
## THE PARTIES

13. Plaintiff Todd Brown was employed by Peanut Plumbing as a Plumber in Texas during the relevant time periods. Plaintiff Brown did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Todd Brown is hereby attached as Exhibit "A."

14. Plaintiff William Cox was employed by Peanut Plumbing as a Plumber in Texas during the relevant time periods. Plaintiff Cox did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

15. The FLSA Collective Members are those current and former Plumbers who were employed by Peanut Plumbing, anywhere in the United States, at any time from December 20, 2018, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs Brown and Cox worked and were paid.

16. The Texas Class Members are those current and former Plumbers who were employed by Peanut Plumbing, anywhere in the State of Texas, at any time from December 20, 2017, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs Brown and Cox worked and were paid.

17. Defendant Peanut Plumbing, LLC is a domestic limited liability corporation, licensed to and doing business in Texas, and can be served through its registered agent for service of process: **LEGALINC CORPORATE SERVICES INC., 10601 Clarence Dr., Ste. 250, Frisco, Texas 75033.**

## III.
## JURISDICTION & VENUE

18. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

19. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

---

[2] The written consent of William Cox is hereby attached as Exhibit "B."

20. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

21. This Court has personal jurisdiction over Peanut Plumbing because the cause of action arose within this District as a result of Peanut Plumbing's conduct within this District.

22. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

23. Specifically, Peanut Plumbing's corporate headquarters are located in Elgin, Texas, which is located within this District and Division.

24. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

25. Peanut Plumbing, LLC provides residential and commercial plumbing services throughout the State of Texas.[3]

26. Plaintiffs and the Putative Class Members' job duties consisted of plumbing installation, services, and repairs for Peanut Plumbing's customers.[4]

27. Plaintiff Brown was employed by Peanut Plumbing as a Plumber in Elgin, Texas from approximately May 2018 until April 2021.

28. Plaintiff Cox has been employed by Peanut Plumbing as a Plumber in Elgin, Texas since approximately March 2020.

29. Plaintiffs and the Putative Class Members are (or were) non-exempt Plumbers employed by Peanut Plumbing for the relevant time-periods preceding the filing of this Complaint through the final disposition of this matter.

---

[3] https://www.peanutplumbingtx.com/about-us.

[4] https://www.peanutplumbingtx.com/residential-plumbing.

30. Importantly, none of the exemptions relieving a covered employer (such as Peanut Plumbing) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiffs or the Putative Class Members.

31. Plaintiffs and the Putative Class Members typically worked (and continue to work) approximately forty (40) "on-the-clock" hours per 5-day workweek, and approximately forty-eight (48) "on-the-clock" hours per 6-day workweek.

32. In addition to their "on-the-clock" hours, Plaintiffs and the Putative Class members worked (and continue to work) up to twenty (20) hours "off-the-clock" per workweek for which they were not compensated.

33. Moreover, Plaintiffs and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, and the policies of Peanut Plumbing resulting in the complained of FLSA and state law violations alleged herein.

34. Peanut Plumbing was (and continues to be) aware of its obligation to pay Plaintiffs and the Putative Class Members for all hours worked and pay the proper amount of overtime for all hours worked in excess of forty (40) each week but has failed to do so.

### *Automatic Meal Break Deductions*

35. Peanut Plumbing has a policy that automatically deducts thirty (30) minutes per day for a meal period.

36. Peanut Plumbing was (and continues to be) aware that Plaintiffs and the Putative Class Members regularly worked (and continue to work) through their 30-minute meal periods without pay in violation of the FLSA.

37. Peanut Plumbing routinely falsifies time records by shaving time to make it appear as though Plaintiffs and the Putative Class Members are not working during their thirty (30) minute meal period when they are in fact working through their thirty (30) minute meal period.

38. Indeed, Plaintiffs and the Putative Class Members typically work their entire shift without taking a meal break.

39. When calculating Plaintiffs and the Putative Class Members' hours each workweek, Peanut Plumbing deducted (and continues to deduct) thirty (30) minutes from Plaintiffs and the Putative Class Members' daily "on-the-clock" hours in violation of the FLSA.

40. Plaintiffs and the Putative Class Members typically are scheduled to (and do) work either five (5) days per workweek or six (6) days per workweek, as determined and set by Peanut Plumbing.

41. Therefore, each workweek that Plaintiffs and the Putative Class Members were scheduled to (and did) work five (5) days, Peanut Plumbing automatically deducted (and continues to deduct) a minimum of 2.5 hours from Plaintiffs and the Putative Class Members' total "on-the-clock" hours.

42. Likewise, each workweek that Plaintiffs and the Putative Class Members were scheduled to (and did) work six (6) days, Peanut Plumbing automatically deducted (and continues to deduct) a minimum of 3 hours from Plaintiffs and the Putative Class Members' total "on-the-clock" hours.

43. Peanut Plumbing's systematic deduction of the thirty (30) minute meal period from Plaintiffs and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiffs and the Putative Class Members working overtime hours for which they were (and are) not compensated at a rate not less than time and one-half as is required by the FLSA.

### *Unpaid Pre- and Post-Shift Work*

44. In addition, as part of their job responsibilities, Plaintiffs and the Putative Class Members have spent hours "off-the-clock" unloading equipment, gathering and loading equipment,

and returning work trucks, helpers, and materials to the shop once they had completed their assigned jobs for the day.

45. Plaintiffs and the Putative Class Members performed (and continue to perform) their pre- and post-shift duties "off-the-clock" and without pay.

46. Peanut Plumbing knew, and directed, Plaintiffs and the Putative Class Members to perform their pre- and post-shift duties "off-the-clock" in violation of the FLSA.

47. Specifically, Peanut Plumbing instructed (and continues to instruct) Plaintiffs and the Putative Class Members to arrive and begin working at least one (1) hour before their shift started, or Plaintiffs and the Putative Class Members would be subject to discipline by Peanut Plumbing.

48. Additionally, Plaintiffs and the Putative Class Members were often required to return their work truck, helpers, and materials to the shop at the end of their workday and were not compensated for that time.

49. Plaintiffs and the Putative Class Members made numerous attempts to correct the number of hours worked each workweek by adding the correct number of hours worked to their time sheets.

50. However, Peanut Plumbing would respond by instructing Plaintiffs and the Putative Class Members to change the hours on their time sheets to exactly forty (40), for a 5-day workweek, or forty-eight (48), for a 6-day workweek.

51. Because Peanut Plumbing required Plaintiffs and the Putative Class Members to work additional hours "off-the-clock" and during their meal period, Peanut Plumbing has failed to fully account for all hours Plaintiffs and the Putative Class Members worked.

52. Therefore, Peanut Plumbing failed to make, keep, and maintain records or otherwise document the number of compensable hours worked by the Plaintiffs and the Putative Class Members, as required by federal law.

53. As a result of Peanut Plumbing's failure to maintain accurate recordkeeping of Plaintiffs and the Putative Class Members' hours worked, Plaintiffs and the Putative Class Members' time and pay records do not accurately reflect the actual number of hours they worked performing services for Peanut Plumbing.

54. As a result of Peanut Plumbing's corporate policy and practice of automatically deducting a thirty (30) minute meal period from Plaintiffs and the Putative Class Members' compensation regardless of whether they worked through the meal break, requiring Plaintiffs and the Putative Class Members to perform pre- and post-shift work "off-the-clock", and instructing Plaintiffs and the Putative Class Members to falsify the number of hours worked on their timesheets, Plaintiffs and the Putative Class Members were not compensated for all hours worked, including all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA.

55. Accordingly, Peanut Plumbing's pay policies and practices blatantly violated (and continue to violate) the FLSA and Texas common law.

56. Further, Peanut Plumbing knew or should have known that its corporate policy and practices regarding Plaintiffs' and the Putative Class Members compensation would cause, did cause, and continue to cause financial injury to Plaintiffs and the Putative Class Members.

57. Peanut Plumbing's actions therefore constitute willful violations under the FLSA, were not made in good faith, and also violate Texas state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A. FLSA COVERAGE**

58. All previous paragraphs are incorporated as though fully set forth herein.

59. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER PLUMBERS WHO WERE EMPLOYED BY PEANUT PLUMBING, LLC, AT ANY TIME FROM DECEMBER 20, 2018, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

60. At all times hereinafter mentioned, Peanut Plumbing has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

61. At all times hereinafter mentioned, Peanut Plumbing has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

62. At all times hereinafter mentioned, Peanut Plumbing has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

63. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Peanut Plumbing, these individuals have provided services for Peanut Plumbing that involved interstate commerce for purposes of the FLSA.

64. In performing the operations described above, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

65. Specifically, Plaintiffs and the FLSA Collective Members are (or were) non-exempt hourly Plumbers of Peanut Plumbing and were engaged in services that were directly essential to the production of goods for Defendant. 29 U.S.C. § 203(j).

66. At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

67. Additionally, Plaintiffs' job duties constitute support functions for instrumentalities of interstate commerce. Indeed, Plaintiffs serviced Defendant's residential and commercial customers, including hospitals, restaurants, grocery stores, warehouses, retail stores, city buildings, firehouse and police stations, schools, and storage facilities.[5]

68. In performing the job duties hereinabove described, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

69. In violating the FLSA, Peanut Plumbing acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

70. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 59.

71. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Peanut Plumbing.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

72. Peanut Plumbing has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked

---

[5] https://www.peanutplumbingtx.com/commercial-plumbing.

in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

73. Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Peanut Plumbing's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

74. Moreover, Peanut Plumbing knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

75. Peanut Plumbing's systematic deduction of a thirty (30) minute meal period from Plaintiffs and the FLSA Collective Members' "on-the-clock" time resulted (and continues to result) in Plaintiffs and the FLSA Collective Members working overtime hours for which they were (and are) not compensated at a rate not less than time and one-half as is required by the FLSA.

76. Peanut Plumbing violated (and continues to violate) the FLSA by requiring Plaintiffs and the FLSA Collective Members to perform pre-shift and post-shift work duties "off-the-clock"—that is, without pay.

77. Additionally, Peanut Plumbing violated (and continues to violate) the FLSA by requiring Plaintiffs and the FLSA Collective Members to falsify their timesheets by shaving the number of hours worked in a workweek.

78. Moreover, Peanut Plumbing knowingly, willfully and in reckless disregard of federal law carried out its illegal pattern of failing to pay Plaintiffs and the FLSA Collective Members the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

79. Peanut Plumbing is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

80. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Peanut Plumbing to pay them according to the law.

81. The decisions and practices by Peanut Plumbing to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

82. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

83. All previous paragraphs are incorporated as though fully set forth herein.

84. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Peanut Plumbing's employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

85. Other similarly situated employees of Peanut Plumbing have been victimized by Peanut Plumbing's patterns, practices, and policies, which are in willful violation of the FLSA.

86. The FLSA Collective Members are defined in Paragraph 59.

87. Peanut Plumbing's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Peanut Plumbing and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

88. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

89. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

90. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

91. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

92. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Peanut Plumbing will retain the proceeds of its rampant violations.

93. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

94. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 59 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of Texas Common Law)**

**A.  VIOLATIONS OF TEXAS COMMON LAW**

95. Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

96. Plaintiffs further bring this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. v. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

97. The Texas Class is defined as:

**ALL CURRENT AND FORMER PLUMBERS WHO HAVE BEEN EMPLOYED BY PEANUT PLUMBING, LLC IN TEXAS, AT ANY TIME FROM DECEMBER 20, 2017, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Class" or "Texas Class Members").**

98. Plaintiffs and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Peanut Plumbing.

99. These claims are independent of Plaintiffs' claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

100. Plaintiffs and the Texas Class Members provided valuable services for Peanut Plumbing, at Peanut Plumbing's direction and with Peanut Plumbing's acquiescence.

101. Plaintiffs and the Texas Class Members conferred a valuable benefit on Peanut Plumbing because they provided services to Peanut Plumbing while not on the clock—during their respective pre- and post-shift work and automatic meal break deduction time—without compensation.

102. Peanut Plumbing accepted Plaintiffs' and the Texas Class Members' services and benefited from their timely dedication to Peanut Plumbing's policies and adherence to Peanut Plumbing's schedule.

103. Peanut Plumbing was aware that Plaintiffs and the Texas Class Members expected to be compensated for the services they provided Peanut Plumbing.

104. Peanut Plumbing has therefore benefited from services rendered by Plaintiffs and the Texas Class Members, and it is inequitable for Peanut Plumbing to retain the benefit of Plaintiffs and the Texas Class Members' services without paying fair value for them.

105. Plaintiffs and the Texas Class Members are thus entitled to recover pursuant to the equitable theory of quantum meruit.

**B. TEXAS CLASS ALLEGATIONS**

106. Plaintiffs bring their Texas claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Peanut Plumbing to work in Texas since December 20, 2017. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

107. Class action treatment of the Texas Class Members is appropriate because, as alleged below, all of the Federal Rule of Civil Procedure 23's class action requisites are satisfied.

108. The number of Texas Class Members is so numerous that joinder of all class members is impracticable.

109. The claims alleged by Plaintiffs share common issues of law and fact with the claims of the Texas Class Members.

110. Plaintiffs are members of the Texas Class, their claims are typical of the claims of the other Texas Class Members, and they have no interests that are antagonistic to or in conflict with the interests of the other Texas Class Members.

111. Plaintiffs and their counsel will fairly and adequately represent the Texas Class Members and their interests.

112. Class certification is appropriate under the Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

113. Accordingly, the Texas Class should be certified as defined in Paragraph 97.

# VI.
# RELIEF SOUGHT

114. Plaintiffs respectfully pray for judgment against Peanut Plumbing as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 59 and requiring Peanut Plumbing to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative FLSA Collective Members;

b. For an Order certifying the Texas Class as defined in Paragraph 97 and designating Plaintiffs as the Class Representatives of the Texas Class;

f. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

g. For an Order pursuant to Section 16(b) of the FLSA finding Peanut Plumbing liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit)

h. For an Order pursuant to Texas law awarding Plaintiffs and the Texas Class Members unpaid wages and other damages allowed by law;

l. For an Order awarding the costs and expenses of this action;

m. For an Order awarding attorneys' fees;

n. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

o. For an Order awarding Plaintiffs service awards as permitted by law;

p. For an Order compelling the accounting of the books and records of Peanut Plumbing, at Peanut Plumbing's expense; and

q. For an Order granting such other and further relief as may be necessary and appropriate.

Date:   December 20, 2021					Respectfully submitted,

                **ANDERSON ALEXANDER, PLLC**

            By: */s/ Clif Alexander*
                **Clif Alexander**
                State Bar No. 24064805
                clif@a2xlaw.com
                **Austin Anderson**
                State Bar No. 24045189
                austin@a2xlaw.com
                819 N. Upper Broadway
                Corpus Christi, Texas 78401
                Telephone: (361) 452-1279
                Facsimile: (361) 452-1284

                ***Attorneys in Charge for Plaintiffs and Putative Class Members***